**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEROY ALBERT LEWIS, Trustee, Marsha Stern Nevada Irrevocable Spendthrift Trust, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MAXIMILIAN SANDOR, Trustee, Alpha Beta Gamma Trust; Trustee, Sunland Financial Services, AKA Joachim Steingruebner; DOES, 1-10 Inclusive; GUNTER ZIELKE, AKA Alex Hamlin, AKA Merlin Silk, AKA Gunter M. Zielke, AKA Gunter Maria Zielke; PRAPAPUN ZIELKE, AKA Prapapun Chaiprasert, AKA Gigi Zielke; CANDACE HOWELL, <br><br> Defendants-Appellees. | No. 20-55100 <br><br> D.C. No. 2:18-cv-08615-PSG-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 3, 2021[**]
San Francisco, California

Before:  FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

LeRoy Lewis, as Trustee of the Marsha Stern Nevada Irrevocable Spendthrift Trust, timely appeals the district court's order dismissing his quiet title action with prejudice for lack of subject matter jurisdiction.  We affirm.

The district court did not have diversity jurisdiction under 28 U.S.C. § 1332 because Lewis only sued Maximilian Sandor in his own name, as trustee of two trusts with purported interests in the subject property, thus destroying complete diversity.  *See Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1228 (9th Cir. 2019); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383, 136 S. Ct. 1012, 1016, 194 L. Ed. 2d 71 (2016); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465–66, 100 S. Ct. 1779, 1784, 64 L. Ed. 2d 425 (1980).  The district court did not err when it rejected Lewis's speculative assertion that Sandor falsified his certificate of naturalization.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  And though litigants may sometimes cure lack of subject matter jurisdiction by dismissing the party that defeats diversity of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

citizenship,[1] California law requires that the plaintiff in a quiet title action "name as defendants the persons having adverse claims that are of record or known to the plaintiff or reasonably apparent from an inspection of the property." Cal. Civ. Proc. Code § 762.060(b); *see also* Cal. Civ. Proc. Code § 762.010; *Ranch at the Falls LLC v. O'Neal*, 250 Cal. Rptr. 3d 585, 597–98 (Ct. App. 2019). Finally, even if the citizenship of the trusts' beneficiaries, rather than that of their trustees, were determinative of diversity jurisdiction here, Lewis did not meet his burden of showing who the trusts' beneficiaries are. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). As a result, the district court did not err when it held that it lacked diversity jurisdiction over the action.

Likewise, the district court did not err when it determined that it lacked subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1367(a). The 2008 default judgment is far too removed from the current proceeding to have provided the district court with ancillary jurisdiction. *See Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 867, 133 L. Ed. 2d 817 (1996); *Kokkonen*, 511 U.S. at 378–80, 114 S. Ct. at 1676. Moreover, supplemental jurisdiction under § 1367 is inapposite

---

[1] *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571–73, 124 S. Ct. 1920, 1924–25, 158 L. Ed. 2d 866 (2004).

because this proceeding is separate from the prior action that led to the default judgment. *See Peacock*, 516 U.S. at 355, 116 S. Ct. at 867.

Finally, the district court did not abuse its discretion by dismissing the action with prejudice. *See* Fed. R. Civ. P. 15(a)(2); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The district court found that Lewis and his attorney had engaged in bad faith conduct. Those findings were not clearly erroneous. *See United States v. Hinkson*, 585 F.3d 1247, 1259–63 (9th Cir. 2009) (en banc). Because of that bad faith conduct, the district court did not abuse its discretion by dismissing the action without leave to amend and with prejudice. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987).

**AFFIRMED.**

20-55100