NOT DESIGNATED FOR PUBLICATION

No. 121,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CONAGRA FOODS, INC. f/k/a
CONAGRA, INC., et al.,
*Appellants*,

v.

AMERICOLD LOGISTICS, LLC, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed October 22, 2021. Reversed.

*Carrie E. Josserand*, of Lathrop GPM LLP, of Overland Park, and *Richard N. Bien*, pro hac vice, of the same firm, of Kansas City, Missouri, for appellant Safeway, Inc., and *William J. Gotfredson*, of Law Office of William J. Gotfredson, P.C., of Leawood, for appellant Kraft Heinz Food Company.

*Michael D. Pospisil* and *Matthew T. Swift*, of Pospisil Swift LLC, of Kansas City, Missouri, for appellees.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: This interlocutory appeal comes at the tail end of many years of litigation in federal court. In an action removed from state court to federal court, summary judgment was granted against all plaintiffs in the United States District Court in Kansas. Some of the plaintiffs appealed, two did not. After a trip through the federal

1

appellate courts, even all the way to the United States Supreme Court, the lawsuit has now returned to state court because there was, after all, no federal jurisdiction.

In this appeal, we must decide whether the two parties that did not appeal are now bound by the original United States District Court summary judgment orders. This is despite the fact that the federal district court later vacated the judgment order in its entirety for lack of subject matter jurisdiction.

*A fire destroyed large amounts of property in an underground food storage warehouse. Several plaintiffs filed a lawsuit in state court and then removed it to federal court. Summary judgment was granted in favor of the defendant. Appeals followed. Two plaintiffs did not appeal.*

In 1991, a fire broke out in Americold Corporation's 170-acre underground cold storage facility. Smoke and other contaminants discharged from the fire damaged goods stored in the facility. Americold's excess insurance company, Northwestern Pacific Indemnity Company, denied coverage. Americold negotiated a settlement agreement with several plaintiffs including Conagra Foods, Inc., Kraft Heinz Food Company, and Safeway, Inc. The settlement included a consent judgment, a covenant by the plaintiffs not to execute against the assets of Americold, and an assignment of Americold's claim against Northwestern Pacific. Plaintiffs then filed a garnishment action against Northwestern Pacific. Ultimately, after years of litigation, Northwestern Pacific succeeded in the garnishment proceeding because the consent judgment against Americold had been extinguished by the Kansas dormancy and revivor statutes. *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 635-36, 647, 270 P.3d 1074 (2011); *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 261 Kan. 806, 809, 934 P.2d 65 (1997).

Conagra, Kraft, and Safeway, in 2012, filed a breach of contract action against Americold in state court. Americold removed the case to federal court based on diversity jurisdiction. The United States District Court for the District of Kansas granted summary

2

judgment on the merits in favor of Americold. *Conagra Foods, Inc. v. Americold Logistics, LLC*, No. 13-2064-JWL, 2013 WL 5530274 (D. Kan. 2013) (unpublished opinion). Conagra appealed to the Tenth Circuit Court of Appeals. Kraft and Safeway did not appeal. The Tenth Circuit, sua sponte, ruled the federal courts did not have diversity jurisdiction and ordered the federal district court to vacate the judgment and remand the case to state court. *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1182 (10th Cir. 2015). The United States Supreme Court affirmed. There was no diversity jurisdiction. *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016).

Now back in the United States District Court for Kansas, Kraft and Safeway—the two plaintiffs that did not appeal—moved under Fed. R. Civ. Proc. 60(b)(4) for relief from judgment. In response, the federal district court ruled that under the Tenth Circuit's mandate, it had no discretion other than to vacate the judgment previously granted in favor of Americold in its entirety and remand the case to state court. At the same time, the court dismissed the motion for relief from judgment because the court lacked jurisdiction. *Conagra Foods, Inc. v. Americold Logistics, LLC*, No. 13-2064-JWL, 2016 WL 1403732 (D. Kan. 2016) (unpublished opinion).

Back in state court, Americold moved for summary judgment against Kraft and Safeway. Americold argued that because Kraft and Safeway did not appeal, they were bound by the federal district court's grant of summary judgment against them. Agreeing, the Wyandotte County District Court granted summary judgment against Kraft and Safeway based on the doctrine of res judicata.

Kraft and Safeway bring this interlocutory appeal of that decision. Even though we granted review over four questions, we must answer only one since it controls the outcome.

*Did the United States District Court's order of remand to the state court void its prior judgment in its entirety?*

This is a case that depends on how the court's order is construed. Did the federal district court set aside its own judgment against all plaintiffs, including Kraft and Safeway? We must examine the court's order. After our review of the order, we hold the court did render its prior judgment void.

The federal district court appears to have read the Tenth Circuit's mandate broadly:

> "At the same time, plaintiffs Kraft Foodservice, Inc. and Safeway, Inc. have filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). In support of the motion, plaintiffs rely on the Tenth Circuit's decision that the court lacked jurisdiction to enter the judgment and the mandate directing the court to vacate the judgment. The Americold defendants oppose the motion on the grounds that these plaintiffs, who never appealed or challenged this court's jurisdiction in any respect, are lodging an impermissible collateral attack on the court's subject matter jurisdiction." *Conagra Foods, Inc.*, 2016 WL 1403732, at *1.

The court goes on and refers to the mandate from the Tenth Circuit:

> "The mandate rule requires a district court to comply strictly with the mandate rendered by the reviewing court. *United Pacific R. Co. v. United States ex rel. U.S. Army Corps of Engineers*, 446 Fed. Appx. 975, 976 (10th Cir. Nov. 10, 2011). The Circuit's mandate language in this case gives the court no discretion on remand but instead gave a specific instruction to vacate the judgment and remand the case to state court. The court, then, will execute the Circuit's mandate and, in doing so, dismisses the motion for lack of jurisdiction. Finally, because the court did not rely in any respect on the reply brief filed by plaintiffs ConAgra Foods, Inc. and Swift-Eckrich, Inc., the court dismisses Americold's motion to strike that reply as moot." *Conagra Foods Inc.*, 2016 WL 1403732, at *1.

After making those comments, the court made some comprehensive orders:

> **"IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Kraft Foodservice, Inc. and Safeway, Inc.'s motion for relief from judgment (doc. 59) is dismissed for lack of jurisdiction and Americold's motion to strike the reply (doc. 64) is dismissed as moot.
>
> **"IT IS FURTHER ORDERED THAT** this court's judgment dated October 4, 2013 is hereby **vacated** and the case is **remanded** to the District Court of Wyandotte County, Kansas." *Conagra Foods, Inc.*, 2016 WL 1403732, at *1.

There is no doubt about the meaning of this language. The federal district court vacated its prior order without distinction between the appealing and nonappealing parties. And our review of the record reveals that Americold did not seek clarification of these orders or appeal them.

The specific judgment that Kraft and Safeway did not appeal from is no more. The specific judgment that the Wyandotte County District Court relied on to apply the doctrine of res judicata is no more. This is significant.

One of the fundamental components of res judicata is that the first action used to bar a subsequent action, ended in a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, 434-35, 354 P.3d 1196 (2015). There is now no final judgment that can be used to invoke res judicata in this case. Simply put, res judicata does not apply here. Thus, any ruling to the contrary is a reversible error of law. In short, a judgment that has been vacated retains no legal force and cannot then serve as the foundation for res judicata or some other preclusion rule.

We have no power to revive what is dead. Neither do the parties.

Reversed.