**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1759

DIANNA NIDY, on behalf of herself and all others similarly situated,

Plaintiff - Appellant,

v.

U. S. BANCORP GOVERNMENT LEASING AND FINANCE, INC., as Trustee for the benefit of the holders of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates; WELLS FARGO COMMERCIAL MORTGAGE SERVICING,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., Senior District Judge. (2:18-cv-01061)

No. 20-2163

GEORGE LEESON; JACOB CRUM,

Plaintiffs - Appellants,

v.

U. S. BANCORP GOVERNMENT LEASING AND FINANCE, INC., as Trustee for the benefit of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates; WELLS FARGO COMMERCIAL MORTGAGE SERVICING,

Defendants - Appellees.

**No. 20-2171**

THE ELSWICK COMPANY, LLC, d/b/a Anytime Fitness Elkview,

Plaintiff - Appellant,

v.

U. S. BANCORP GOVERNMENT LEASING AND FINANCE, INC., as Trustee for the benefit of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates; WELLS FARGO COMMERCIAL MORTGAGE SERVICING,

Defendants - Appellees.

**No. 20-2172**

CONSTANCE ARTHUR-NELSON,

Plaintiff - Appellant,

v.

U. S. BANCORP GOVERNMENT LEASING AND FINANCE, INC., as Trustee for the benefit of COMM 2013-CCRE12 Mortgage Trust Commercial Mortgage Pass-Through Certificates; WELLS FARGO COMMERCIAL MORTGAGE SERVICING,

Defendants - Appellees.

Appeals from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Senior District Judge. (1:19-cv-00169-IMK; 1:19-cv-00168-IMK; 1:19-cv-00167-IMK)

Argued:  May 3, 2022                                    Decided:  June 14, 2022

---

Before DIAZ, RUSHING, and HEYTENS, Circuit Judges.

---

Vacated and remanded with instructions in part and affirmed in part by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Diaz and Judge Rushing joined.

---

**ARGUED:** John Henry Skaggs, CALWELL LUCE DITRAPANO, PLLC, Charleston, West Virginia, for Appellants. Paul E. Chronis, DUANE MORRIS, LLP, Chicago, Illinois, for Appellees. **ON BRIEF:** Stuart Calwell, Alexander D. McLaughlin, CALWELL LUCE DITRAPANO, PLLC, Charleston, West Virginia, for Appellants. J. Mark Adkins, Gabriele Wohl, BOWLES RICE LLP, Charleston, West Virginia; Meagen E. Leary, Elinor H. Murarova, DUANE MORRIS LLP, Chicago, Illinois, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

In June 2016, a flood swept through Elkview, West Virginia, washing away a culvert that provided the only access point to the Elk Crossings Mall. Various plaintiffs seek to recover damages for harms allegedly caused by the collapse of the culvert and the resulting lack of access to the mall. The courts of first instance dismissed each complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Having carefully reviewed the records, we do not see any reversible error in the three cases removed from state court and therefore affirm the judgments in those cases. In the case filed directly in federal court, however, the district court erred in concluding that the complaint adequately alleged federal subject matter jurisdiction. Accordingly, we vacate the judgment in that case and remand with instructions to dismiss without prejudice.

I.

We begin with *Nidy* (No. 19-1759), the case in which we vacate the judgment for failure to allege the basis for subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). And because having subject matter jurisdiction is a precondition for any federal court "to say what the law is" in a particular case, *Marbury v. Madison*, 5 U.S. 137, 177 (1803), we have an independent obligation to examine both our own jurisdiction and that of the district court regardless of whether the

4

parties raise the issue. See, *e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

Federal Rule of Civil Procedure 8(a)(1) reflects these principles, requiring a complaint to "contain . . . a short and plain statement of the grounds for the court's jurisdiction." "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

The complaint in *Nidy* does not comply with Rule 8. It does not identify any specific basis for federal jurisdiction, and there is nothing in it to suggest this case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To the contrary, it appears all Nidy's claims arise under state law.

That leaves diversity jurisdiction—on which Nidy's counsel relied when asked about jurisdiction at oral argument. See 28 U.S.C. § 1332(a). But the complaint does not allege either the citizenship of the parties or the amount in controversy, nor was counsel able to identify any other information in the *Nidy* complaint or record that could satisfy the requirements for diversity jurisdiction. Oral Arg. 11:10–12:34. Without such information, the district court could proceed no further. See Fed. R. Civ. P. 12(h)(3).

The district court acknowledged this problem, noting that Nidy had "neglected to include in her complaint the basis for federal jurisdiction." JA 223 (No. 19-1759). But the court nevertheless concluded "there are sufficient facts available" to establish diversity jurisdiction. *Id.*

That was error. Citing the complaint's allegations about Nidy's employment in West Virginia, the district court surmised that "Nidy is a West Virginia resident." JA 223 (No.

19-1759). But even if that inference were warranted, what ultimately matters for diversity jurisdiction is citizenship, not residency, and "residency is not sufficient to establish citizenship." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008).

The district court's treatment of the defendants' citizenship was similarly insufficient. Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity, which "means that no plaintiff may share a citizenship with any defendant," *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020), and business entities are often citizens of more than one State, see 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). The complaint names two defendants, one of which is sued in its capacity as a trustee. And although the complaint includes the "legal address" of the underlying *trust*, JA 7 (No. 19-1759), where—as here—"a trustee . . . is sued in [its] own name," the *trustee's* citizenship "is all that matters for diversity purposes," *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). So, in the end, Nidy's complaint contains no allegations about either defendant's citizenship.

Nor does the complaint contain any allegation concerning the final requirement for diversity jurisdiction—that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Satisfying this requirement is not onerous, and "[i]f the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th

6

Cir. 2010) (quotation marks and emphasis omitted). Here, however, the complaint requests no particular amount.

The district court nonetheless concluded it was "apparent that the amount in controversy exceeds $75,000," noting that Nidy "asserts that she lost income and benefits" when the mall was "closed from June 2016 until August 2017" and that she also requests punitive damages. JA 223 (No. 19-1759). But the complaint contains no allegations about the nature or terms of Nidy's employment, the amount of her compensation, or the value of her benefits. In addition, the district court did not discuss or explain whether punitive damages are permitted under the substantive law governing Nidy's various claims, which determines whether such damages may be included as part of the amount in controversy. See Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3702.5 (4th ed. 2022); accord *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) ("[C]laims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined.").

On this record, we cannot satisfy our independent obligation to ensure that federal jurisdiction exists. And although 28 U.S.C. § 1653 allows jurisdictional allegations to be amended on appeal, no party has requested an opportunity to do so here. Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss Nidy's complaint without prejudice.

## II.

That leaves the judgments in the remaining three cases, which we affirm.

The plaintiffs in these cases are: (1) George Leeson, a nearby landowner who suffered property damage from the flood, and Jacob Crum, who was stranded at the mall

7

after the culvert collapsed (No. 20-2163); (2) The Elswick Company, LLC, d/b/a Anytime Fitness Elkview, a tenant of the mall that lost business after the flood (No. 20-2171); and (3) Constance Arthur-Nelson, a customer of the mall and nearby landowner who suffered property damage from the flood and was inconvenienced by having to shop at more distant shopping centers (No. 20-2172). Although formulated differently, the complaints assert some combination of claims sounding in contract and tort, including on behalf of other putative class members. Generally speaking, plaintiffs contend that defendants are liable for failing to authorize funds to repair the culvert both before and after the flood.

The cases were originally filed in West Virginia state court but removed to federal court by the defendants based on diversity of citizenship.[*] The cases were then transferred to the bankruptcy court where the mall's owner was undergoing reorganization. The bankruptcy court granted the defendants' motion to dismiss for failure to state a claim, and the district court affirmed. See Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6) into adversary proceedings).

"In reviewing the judgment of a district court sitting in review of a bankruptcy court, we apply the same standard of review that was applied by the district court." *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020). Thus, "we review the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion." *Id.* Accordingly, because "a motion to dismiss under

---

[*] We conclude the notices of removal in each of these cases adequately establish federal subject matter jurisdiction.

Rule 12(b)(6) tests the legal sufficiency of a claim," *Tabb v. Board of Educ. of Durham Pub. Schs.*, 29 F.4th 148, 155 (4th Cir. 2022), we review the bankruptcy court's decision here de novo.

Having conducted such a review of the records in these three cases, we have not identified any reversible error in the decisions to dismiss for failure to state a claim. The assignment of leases and rents specifically provides that it "shall not operate to place any obligation or liability for the control, care, management or repair of the Property upon Lender, nor for the carrying out of any of the terms and conditions of the Leases or any Lease Guarantees." JA 166 (No. 20-2163). Additionally, plaintiffs are not parties to the underlying loan documents, which specifically provide that they "are for the sole and exclusive use of" the lender and the mall's owner "and may not be enforced, nor relied upon, by any other Person." *Id.* at 150. Nor have plaintiffs demonstrated the sort of "special relationship [with] the alleged tortfeasor" necessary under West Virginia law to permit recovery in tort in the absence of physical harm or a contractual relationship, *Aikens v. Debow*, 541 S.E.2d 576, 589 (W. Va. 2000), or any other valid basis for recovery.

\*       \*       \*

In No. 19-1759, the judgment of the district court is vacated and the case is remanded with instructions to dismiss without prejudice. In Nos. 20-2163, 20-2171, and 20-2172, the judgments of the district court are affirmed.

*SO ORDERED*

9