[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13279

Non-Argument Calendar

_____

PETER OTOH,

Plaintiff-Appellant,

*versus*

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
NATIONSTAR MORTGAGE, LLC,
d.b.a. Mr. Cooper,
NEWREZ LLC,
d.b.a. Shellpoint Mortgage Servicing,
US BANK TRUST NATIONAL ASSOCIATION,
not in its individual capacity but solely as
owner trustee for VRMTG Asset Trust,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-02488-TCB

_____

Before WILSON, JORDAN, and BRANCH, Circuit Judges.

PER CURIAM:

Peter Otoh, *pro se*, appeals from the district court's denial of his motion to remand to state court for lack of subject matter jurisdiction and the district court's grant of motions to dismiss for Federal National Mortgage Association (Fannie Mae); Nationstar Mortgage, LLC, doing business as Mr. Cooper (Nationstar); Newrez, LLC, doing business as Shellpoint Mortgage Servicing (Shellpoint); and US Bank Trust National Association, as owner trustee for VRMTG Asset Trust (US Bank) (collectively the Appellees).

Otoh argues on appeal that the district court lacked jurisdiction because there was not complete diversity of the parties and because the amount in controversy did not exceed $75,000. He also argues that his claims were not barred by res judicata because the bankruptcy court, in proceedings separate from the proceedings the district court relied upon for res judicata purposes, abstained from determining the validity of a security deed from 2013.

## I.

We employ a two-tiered standard of review for the district court's determination of subject-matter jurisdiction. The ultimate question of jurisdiction is considered de novo, but "[t]he district court's factual findings with respect to jurisdiction, however, are reviewed for clear error." *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002). Factual findings may only be overturned under the clear error standard if we are "left with the definite and firm conviction that a mistake has been committed." *Eggers v. Alabama*, 876 F.3d 1086, 1094 (11th Cir. 2017).

District courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000, and the action is between citizens of different states. 28 U.S.C. § 1332(a). Defendants may remove such actions filed in a state court to the district court for the district and division where the state court action is pending. 28 U.S.C. § 1441(a). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

In determining whether there is subject matter jurisdiction, the district court can consider facts beyond the plaintiff's pleadings when the plaintiff fails to specify the total amount of damages demanded. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). In that case, the defendant seeking removal must prove the amount in controversy by a preponderance of the evidence. *Id.* In doing so, the removing defendant may direct the court to

additional evidence beyond the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

"[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Pro. Ins. Co.*, 296 F.2d 545, 547–48 (5th Cir. 1961).[1]  For diversity purposes, "when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016).  Therefore, for a traditional trust, there is no need to determine its membership to determine diversity jurisdiction.  *Id.*

Under Federal Rule of Evidence 1005, copies of official records can be used as evidence if the original record or document is otherwise admissible, and the copy of the record has been certified under Rule 902(4) or a witness testifies that it is a true and correct copy.  Fed. R. Evid. 1005.

Here, the district court did not err in denying Otoh's motion to remand because it had subject matter jurisdiction over the case. The Appellees' notice of removal adequately stated that there was total diversity of the parties, and the amount in controversy exceeded $75,000 either based on the total value of the property in

---

[1] Decisions of the former Fifth Circuit issued before October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

question or based on the remaining principal on the loan at issue. Accordingly, we affirm as to this issue.

## II.

Since res judicata determinations are pure questions of law, we review them de novo. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004).

Res judicata bars the parties to a prior action from relitigating the same causes of action that were, or could have been, raised in that prior action if that action resulted in a final judgment on the merits. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Res judicata "generally applies not only to issues that were litigated, but also to those that should have been but were not." *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 586 (11th Cir. 1983). Res judicata applies where the following four elements are shown: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involve the same parties or their privies, and (4) both cases involve the same causes of action. *In re Piper Aircraft Corp.*, 244 F.3d at 1296. Citing the Supreme Court precedent, we have held that bankruptcy orders serve as a final judgment on the merits for purposes of res judicata. *In re FFS Data, Inc.*, 776 F.3d 1299, 1306 (11th Cir. 2015) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 140 (2009)).

As to the third factor, we have explained that "privity" comprises several different types of relationships and generally applies "when a person, although not a party, has his interests adequately

represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004). Further, parties are in privity with one another either when the nonparty to the prior action succeeds the party's interest in property or when the party and the nonparty have concurrent interests in the same property. *Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986).

As to the fourth factor, "[i]n general, cases involve the same cause of action for purposes of res judicata if the present case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action." *Israel Disc. Bank Ltd. v. Entin*, 951 F.2d 311, 315 (11th Cir. 1992) (internal quotation omitted). "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *In re Piper Aircraft Corp.*, 244 F.3d at 1297. "The test for a common nucleus of operative fact is whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (internal quotation omitted).

Here, the district court did not err in determining that Otoh's claims were barred by res judicata. Considering the first two elements of res judicata, the bankruptcy court's order dismissing Otoh's adversary Chapter 7 bankruptcy proceeding was a final judgment on the merits by a court with proper jurisdiction. Looking to the third element, both the bankruptcy case and the current case involve the same parties or parties in privity with the parties

of the Chapter 7 proceedings.  Indeed, each of the Appellees are loan servicers, lenders, or investors asserting the same property rights.  Finally, regarding the fourth element, all of Otoh's claims in the current case relied upon his assertion that a 2018 agreement with Nationstar was a refinancing of his loan rather than a loan modification.  Because the bankruptcy court determined that the agreement was a loan modification, all of Otoh's claims arise out of the same nucleus of operative fact and could have effectively been raised during the bankruptcy proceedings.  Accordingly, because all four elements are satisfied, res judicata applies, and we affirm the district court's grant of the Appellees' motions to dismiss.

**AFFIRMED.**