# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-7156**

**September Term, 2024**

FILED ON: APRIL 10, 2025

COLLECTOR'S COFFEE INC., A NEVADA CORPORATION, ALSO KNOWN AS COLLECTOR'S CAFE INC. AND MYKALAI KONTILAI, AS CHIEF EXECUTIVE OFFICER AND INDIVIDUALLY,
         APPELLANTS

v.

DEBEVOISE & PLIMPTON LLP, A DISTRICT OF COLUMBIA FOREIGN LIMITED LIABILITY PARTNERSHIP, ET AL.,
         APPELLEES

---

Consolidated with 23-7163

---

Appeals from the United States District Court
for the District of Columbia
(No. 1:20-cv-02988)

---

Before: HENDERSON and PAN, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge.*

### <u>J U D G M E N T</u>

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and appendix filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED AND ADJUDGED** that the order of the district court entered on November 8, 2023, granting the appellees' motion to dismiss for lack of jurisdiction and denying appellants' motion for jurisdictional discovery be **AFFIRMED**.

\* \* \*

Appellants are Collector's Coffee, Inc., and its founder and CEO, Mykalai Kontilai. They sued their former lawyers at Debevoise & Plimpton LLP for legal malpractice. The district court dismissed their complaint for lack of subject matter jurisdiction, ruling that it had neither diversity jurisdiction nor federal question jurisdiction. On appeal, appellants claim that the district court's ruling was erroneous and that it abused its discretion in denying jurisdictional discovery. We discern no error or abuse of discretion, and therefore affirm.

## I.

In September 2017, the Securities and Exchange Commission ("SEC") served subpoenas on Collector's Coffee in connection with an investigation of appellants for potential violations of federal securities law. Debevoise represented both Collector's Coffee and Kontilai in the SEC investigation.

Debevoise submitted documents responsive to the SEC's subpoenas on behalf of appellants. On August 1, 2018, Debevoise partner Andrew Ceresney informed Kontilai that one of the documents Debevoise provided to the SEC on behalf of Collector's Coffee looked forged. Later, in October 2018, Ceresney and an attorney for another Collector's Coffee employee informed the SEC that the document in question was not authentic; and Debevoise then terminated its representation of both appellants. In May 2019, the SEC sued appellants for securities fraud and alleged, *inter alia*, that Kontilai fabricated documents, including the ones he sent to Debevoise for production.

On October 17, 2020, appellants filed the instant malpractice suit in the district court against Debevoise and the individual lawyers who represented them in the SEC investigation. Appellants alleged, among other things, that Debevoise was negligent because it submitted the documents from Kontilai to the SEC before discovering that the documents were forged. Debevoise moved to dismiss the complaint for lack of diversity jurisdiction, lack of personal jurisdiction, and other grounds. In response, appellants argued, among other things, that the court had federal question jurisdiction.

Federal district courts have diversity "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). A U.S. citizen who "has no domicile in any State" is "stateless" because she is neither the citizen of any U.S. state nor a non-citizen; and such a citizen cannot sue or be sued in federal court on the basis of diversity. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). "Unincorporated associations," such as partnerships like Debevoise, "have the citizenship of each of their members." *CostCommand, LLC v. WH Adm'rs, Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016) (citing *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016)). Therefore, "diversity jurisdiction in a suit by or against the [unincorporated entity] depends on the citizenship of all its members." *Americold Realty*, 577 U.S. at 381 (cleaned up).

On the issue of diversity jurisdiction, Debevoise argued that it was stateless, and provided evidence to show that it is a New York partnership with at least four U.S.-citizen partners

domiciled abroad. Appellants then moved for jurisdictional discovery, seeking Debevoise's tax filings. The district court denied appellants' request for jurisdictional discovery and granted Debevoise's motion to dismiss for lack of diversity jurisdiction. The court noted that appellants' discovery motion was based on nothing more than "pure speculation" that the requested discovery would undermine the jurisdictional evidence provided by Debevoise. J.A. 1354–55. The court further concluded that it lacked diversity jurisdiction because Debevoise was stateless for jurisdictional purposes, which destroyed complete diversity. The district court relied solely on Debevoise's evidence and arguments pertaining to diversity jurisdiction to grant the motion to dismiss. Debevoise timely filed a notice of conditional cross-appeal to preserve its right to appeal the district court's denial of its alternative arguments in support of dismissal.

Appellants filed a motion for reconsideration of the district court's order. At a hearing on January 5, 2024, the district court rejected appellants' renewed arguments that the court had diversity jurisdiction, which were "all arguments that were considered" in the original order. J.A. 1461. The court stated that it would need something "more than just mere speculation" to conclude that Debevoise was not a real partnership or that its partners abroad were not real partners. *Id*. The court also ruled that appellants' request for discovery of appellees' tax returns was unjustified. *Id*. In addition, the district court held that it lacked federal question jurisdiction because appellants asserted only state law claims, and the "minimal federal implication" associated with the underlying SEC investigation was insufficient to raise a substantial question of federal law. J.A. 1462. Appellants timely filed a notice of appeal.

## II.

We review de novo the dismissal of a complaint for lack of subject matter jurisdiction. *Am. Hosp. Ass'n v. Azar*, 895 F.3d 822, 825 (D.C. Cir. 2018). When a party challenges the factual basis of jurisdiction, the court may not "assum[e] the truth of the facts alleged by the plaintiff," but instead "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Feldman v. FDIC*, 879 F.3d 347, 351 (D.C. Cir. 2018) (cleaned up). Findings of fact are reviewed for clear error. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 198 (D.C. Cir. 1992).

Applying those familiar legal standards, we conclude that the district court correctly dismissed the instant complaint for lack of subject matter jurisdiction.

## A.

The district court correctly concluded that it did not have diversity jurisdiction. Debevoise is "stateless" for purposes of diversity jurisdiction because it is an unincorporated partnership with U.S.-citizen partners who are domiciled abroad. Therefore, it can neither sue nor be sued in federal court on the basis of diversity. *See Newman-Green*, 490 U.S. at 828.

Debevoise established that it is a partnership under New York law. It provided evidence of its registration as a limited liability partnership with New York's Secretary of State and relevant parts of its Partnership Agreement. The Partnership Agreement states that partners "shall have all

of the rights and powers and be subject to all of the restrictions and obligations of a general partner of a registered limited liability partnership under the [New York Partnership Law]." J.A. 1219; *see also* N.Y. P'ship Law § 10 (McKinney 2024) ("A partnership is an association of two or more persons to carry on as co-owners a business for profit and includes for all purposes of the laws of this state, a registered limited liability partnership."); *Joachim v. Flanzig*, 773 N.Y.S.2d 267, 272 (N.Y. Sup. Ct. 2004) ("Where there is a written agreement between the parties that is clear and unambiguous and sets forth the full understanding and obligations of the parties, the agreement controls, and the court should find that a partnership exists as a matter of law.").

Furthermore, Debevoise's Partnership Agreement lists its partners by name, including four partners who are domiciled abroad. Those four partners shared in profits and losses, voted on partnership matters, and maintained a Capital Account balance with the partnership. All four attested that they were U.S. citizens, had long resided abroad, and had no intention to return to live in the U.S. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984) (a person's domicile is "determined by two factors: [1] physical presence in a state, and [2] intent to remain there for an unspecified or indefinite period of time").

Based on the evidence provided by Debevoise, the district court properly determined that Debevoise is stateless and cannot be subject to diversity jurisdiction. Appellants' challenges to that ruling are unpersuasive. Contrary to their contentions, Debevoise was not required to enumerate each partner's ownership stake as evidence of their partnership status. *See* N.Y. P'ship Law § 11 ("The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business."). Moreover, appellants' suggestion that the four foreign-based partners were not real partners due to Debevoise's failure to include them on its letterhead has no basis in law; Debevoise is not required to identify every partner on every written communication. And appellants' arguments that Debevoise's evidence contains inconsistencies are rooted in apparent confusion about a different entity with a similar name. *See, e.g.*, Appellants' Br. 17, 29–30, 35 (referring to an entity informally known as "Debevoise London," a different partnership that principally operates in London); *see* Debevoise Br. 28; J.A. 1212–14.

Appellants' remaining arguments lack merit. Appellants suggest that Debevoise's partnership agreement is contrary to public policy because it is designed to avoid taxes, but they provide no evidence to support that conclusion. They also suggest that Debevoise should have raised jurisdictional issues earlier and that it went through restructuring after appellants filed their initial complaint to avoid diversity jurisdiction. But subject matter jurisdiction may be raised at any time and citizenship is measured at the time the complaint is filed. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *CostCommand*, 820 F.3d at 21. Appellants' speculation that Debevoise's four stateless partners have relinquished U.S. citizenship, raised for the first time in their reply brief, is forfeited. *Fore River Residents Against the Compressor Station v. FERC*, 77 F.4th 882, 889 (D.C. Cir. 2023).

4

**B.**

The district court also correctly concluded that it lacked federal question jurisdiction over appellants' claims. A case arises under federal law, establishing federal question jurisdiction under 28 U.S.C. § 1331, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (cleaned up). When, as here, appellants' claims arise under state law, their claims must fall into the "special and small" category of cases that nonetheless depend on the resolution of a substantial question of federal law. *Id.* at 699. The federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The federal issue is "substantial" if it is "importan[t] . . . to the federal system as a whole." *Id.* at 260.

Appellants' legal malpractice claim is a state law claim that does not directly raise any federal question. Although appellants note that Debevoise was obligated to interpret federal statutes in its representation of appellants and was subject to the SEC's rules of conduct, they do not argue that Debevoise violated either federal statutes or SEC rules. In any event, the Supreme Court has held that state legal malpractice claims, which require courts to review attorney conduct after the fact, are "by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *See Gunn*, 568 U.S. at 258–59 (considering malpractice claim related to federal patent law). Asserting federal jurisdiction over such claims would upset the "balance of federal and state judicial responsibilities" because states have a "special responsibility for maintaining standards among members of the licensed professions." *Id.* at 264 (cleaned up). Appellants' arguments to the contrary rely on inapposite precedents and misstatements of law. *See* Appellants' Br. 47–50 (first citing *Siantou v. DK Assocs., LLC*, No. 22-1470, 2023 WL 2071266, at *2–3 (D. Md. Feb. 16, 2023) (concerning alleged malpractice based on misinterpretation of federal statutory law and violation of constitutional rights); then citing *Police Ass'n of New Orleans v. City of New Orleans*, 572 F. Supp. 3d 265, 275 (E.D. La. 2021) (involving a challenge to the validity of a federal court decree)); Appellants' Br. 27 (claiming that *Merrill Lynch, Pierce, Fenner & Smith v. Manning Inc.*, 578 U.S. 374, 391 (2016), holds that federal question jurisdiction is broader over securities cases than other types of federal law, when the Court specifically rejected that argument). Thus, the district court did not have federal question jurisdiction to hear this case.

**C.**

The district court did not abuse its discretion in denying jurisdictional discovery related to Debevoise's tax returns. *See Livnat v. Palestinian Auth.*, 851 F.3d 45, 48 (D.C. Cir. 2017) (applicable standard of review is abuse of discretion). A district court properly denies discovery in the "absence of any specific indication from [plaintiffs] regarding what facts additional discovery could produce that would affect the court's jurisdictional analysis." *Cheyenne Arapaho Tribes of Okla. v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009) (cleaned up); *see also FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008) ("[R]equest[s] for jurisdictional discovery cannot be based on mere conjecture or speculation.").

5

Here, appellants argued that Debevoise was required to produce its tax returns to prove that it was stateless for purposes of diversity jurisdiction. But they cited no credible reason to doubt Debevoise's evidence that it was a partnership with foreign-domiciled U.S.-citizen partners. Instead, appellants advanced the baseless argument that it was necessary to know the ownership stakes of the individual Debevoise partners, and made unsubstantiated claims of factual inconsistencies in Debevoise's declarations. In sum, appellants failed to demonstrate that production of Debevoise's tax returns would have affected the court's jurisdictional analysis.

Appellants also argue that the court should have granted jurisdictional discovery regarding personal jurisdiction. But discovery regarding personal jurisdiction was not necessary because the court determined that it lacked subject matter jurisdiction. For the same reason, appellants' argument on appeal that the district court had personal jurisdiction over appellees is irrelevant.

**D.**

In its conditional cross-appeal, Debevoise argues that the district court lacked personal jurisdiction, and that the contract between appellants and Debevoise required mandatory arbitration of legal malpractice claims. Because we affirm the district court's dismissal of appellants' claims for lack of subject matter jurisdiction, we dismiss the cross-appeal as moot.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**PER CURIAM**

           **FOR THE COURT:**
           Clifton B. Cislak, Clerk

BY:    /s/
        Daniel J. Reidy
        Deputy Clerk