# United States Court of Appeals
## For the First Circuit

No. 22-1389

BRT MANAGEMENT LLC,

Plaintiff, Appellant,

v.

MALDEN STORAGE LLC; PLAIN AVENUE STORAGE LLC,

Defendants/Third-Party Plaintiffs, Appellees,

BRIAN WALLACE,

Third-Party Defendant, Appellant,

BANNER DRIVE STORAGE LLC,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor, IV, U.S. District Judge]

Before

Kayatta, Lynch, and Montecalvo,
Circuit Judges.

John S. Davagian, II and Davagian Grillo & Semple LLP on brief for appellant.
Alec S. Pine, John H. Brazilian, and Butters Brazilian LLP on brief for appellees.

May 22, 2023

**KAYATTA, Circuit Judge.** This lawsuit serves as a reminder that subject matter jurisdiction cannot be taken for granted and that special attention need be paid when attempting to invoke diversity jurisdiction if a party is not a natural person or a corporation. In this particular case, after six years of litigation culminating in a trial and an eight-figure judgment against the plaintiff and third-party defendant, and after three separate orders warning counsel that jurisdiction was in question, the parties have been unable to establish that no defendant shares state citizenship with any plaintiff. We therefore vacate the judgment and remand to the district court so that any party -- presumably the defendants at this point -- will have one last chance to demonstrate that there is complete diversity.

## I.

Unable to resolve a contract dispute, plaintiff BRT Management LLC ("BRT") filed this lawsuit in federal district court. The details of the dispute hold no relevance to our analysis other than to say that they present no federal question within the meaning of 28 U.S.C. § 1331.[1] Nor do they present any possible basis for federal jurisdiction other than diversity jurisdiction under 28 U.S.C. § 1332, which BRT accordingly sought to invoke. Defendants asserted counterclaims that similarly

---

[1] Although BRT moved to add a federal claim to the suit, its motion was denied.

present no basis for federal court jurisdiction other than diversity.

As to the citizenship of the parties, BRT's complaint alleged only that "there is complete diversity between the parties" because BRT was a Massachusetts limited liability company (LLC) with a usual place of business in Massachusetts and defendants Malden Storage LLC ("Malden"), Plain Avenue Storage LLC ("Plain"), and Banner Drive Storage LLC ("Banner") were each Delaware LLCs with usual places of business in Illinois.[2] Defendants replied in relevant part only by alleging substantially the same facts, i.e., that Malden and Plain were both Delaware LLCs with principal places of business in Northbrook, Illinois.[3] These allegations were plainly insufficient because, as a matter of black letter law, "[t]he citizenship of an unincorporated entity . . . is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006) (applying this rule to an LLC); see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrota, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam). But neither plaintiff nor

---

[2] BRT also alleged that Malden was registered to do business in Massachusetts and that Plain was registered to do business in New York.

[3] Defendants also alleged that Banner was not a proper party to the suit. Banner initially moved to dismiss the claims against it for lack of both personal jurisdiction and subject matter jurisdiction, although it made no argument about diversity.

- 4 -

defendants had yet provided any information about their members' citizenship.

Noticing this deficiency in the pleadings, the district court ordered plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. The order pointed out that BRT's complaint failed to "allege that the citizenship of every member of BRT Management LLC is diverse from the citizenship of every member of Plain Avenue Storage, LLC, Malden Storage, LLC, and Banner Drive Storage, LLC." BRT responded by alleging that its sole member was a natural person who was a resident of Massachusetts, that the sole member of both Malden and Plain was C Banner Storage LLC ("C Banner"), a "Delaware LLC," and that the sole member of Banner was Banner Storage Holding LLC, "also a Delaware LLC." Although the members of all defendants were also LLCs, BRT did not allege the citizenship of any members of those LLCs.

The district court then issued a second order to show cause, pointing out that BRT's supplemental allegations were still insufficient because they failed to identify the citizenship of the members of the LLCs that were members of Malden, Plain, and Banner. Because LLCs take the citizenship of all of their members, without the members' citizenships BRT had "failed to properly allege diversity jurisdiction." Given a second chance, BRT responded that after diligent investigation it was unable to

identify the citizenship of those members, and requested limited jurisdictional discovery to do so. The district court granted BRT's request.

Following this limited discovery, the parties filed a "stipulation regarding diversity jurisdiction" purporting to "stipulate that there exists complete diversity of citizenship" between plaintiff, defendants, and third-party defendant Brian Wallace (the sole member of BRT). The stipulation also detailed several facts, including the states of organization and principal places of business for Malden and Plain; the sole member of both of those entities, C Banner Storage LLC; and C Banner's sole member, B-Dev Manager LLC.[4] The stipulation did not identify the citizenship of the members of B-Dev Manager LLC, which was necessary to determine the citizenship of C Banner and, accordingly, defendants Malden and Plain. The stipulation further stated that there were "more than eighty members of Banner Drive Storage, LLC, including various individuals, LLCs, and trusts,"[5] and that at least one investor in Banner was a Massachusetts resident. Both parties accordingly agreed to dismiss Banner from the action so that diversity would not be destroyed.

---

[4] Defendants later clarified on appeal that one of these assertions was materially incorrect.

[5] This appears to conflict with BRT's earlier allegation that Banner was a sole member LLC but that conflict does not appear to be relevant for our purposes.

The district court held a conference with both parties, and dismissed Banner as requested. See 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1208 (4th ed. 2023) (failure to allege complete diversity "typically may be cured by amending the pleading"); see also Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1088 (9th Cir. 2014) (noting in reversing dismissal based on lack of subject matter jurisdiction that courts need not dismiss a complaint where the defect can be cured by amendment, and that jurisdictional discovery may be appropriate). The action continued, presumably without anyone noticing the lurking lacuna in the parties' proof of diversity.

The lawsuit eventually led to a nine-day bench trial in 2021. Ultimately, the district court granted judgment for defendants and awarded them over ten million dollars on their counterclaims, including attorneys' fees. BRT timely appealed.

Once the parties had filed their briefs on appeal, we issued an order yet again identifying problems with subject matter jurisdiction. Like the district court, we pointed out that "[a] limited liability company is deemed to be a citizen of every state of which any of its members is a citizen." And just as the district court had in its second order, we noted that if an LLC's member "is itself an unincorporated entity, then the citizenship of each of the entity's members or partners must be disclosed" as well. We concluded that the record as it existed at that time was not

- 7 -

sufficient to demonstrate subject matter jurisdiction, and ordered the parties to file affidavits of jurisdictional facts.

BRT responded to our order by alleging, as it had below, that as of the relevant date[6] it had only one member, a natural person who was a resident of Massachusetts. Defendants (who by this point would seem to have had the greatest interest in demonstrating jurisdiction) responded merely by asserting the same facts set out in the stipulation in the district court, i.e., the principal places of business and states of organization of their members, and the identities of some (but not all) of their members' members.

BRT apparently recognized that it no longer had any interest in the jurisdictional viability of this litigation. Along with its sole member and third-party defendant Brian Wallace, BRT moved to remand the case to the district court for additional jurisdictional discovery. It pointed out a number of defects with defendants' appellate filing, most notably that to identify the citizenship of the members of B-Dev Manager LLC (the sole member of C Banner, which was the sole member of both Malden and Plain), the affidavit alleged only that B-Dev Manager's sole member was

---

[6] Both parties agree that for purposes of establishing subject matter jurisdiction, the relevant citizenship is the parties' (and their members') citizenship on January 3, 2017, when the district court complaint was initially filed. See Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 14 (1st Cir. 2019).

- 8 -

yet another LLC "with no members who are citizens of Massachusetts."  As BRT pointed out, a party "cannot establish jurisdiction in the negative."  See D.B. Zwirn, 661 F.3d at 125-26.  Based on this and other deficiencies, BRT argued that defendants' filing failed to comply with our order, which was addressed to both parties and required them to file affidavits of jurisdictional facts "sufficient to show their citizenship," including the members of any entities that were themselves unincorporated associations.

In response to BRT's motion, Malden and Plain filed under seal yet another affidavit of jurisdictional facts.  This affidavit corrects an incorrect and material assertion in defendants' original jurisdictional filings and provides additional information regarding the ownership of the LLC members of Malden and Plain, those LLCs' members, and so on and so forth.  The exhibits attached to the affidavit identify the ultimate owners of defendants' members as individuals, corporations, and trusts. Defendants identify the citizenship of the individuals by their domiciles, of the corporations by their principal places of business and states of incorporation, and the trusts by the domiciles of their trustees.  Defendants assert that this corrected affidavit shows that there is complete diversity between all parties.

We conclude that Malden and Plain's filing is still insufficient to establish subject matter jurisdiction. Our reasoning follows.

## II.

## A.

Diversity jurisdiction allows federal courts to adjudicate controversies between citizens of different states. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332. Under the federal statute, as relevant here, diversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant. See Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Halleran v. Hoffman, 966 F.2d 45, 47 (1st Cir. 1992). "The burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction." Carrozza v. CVS Pharm., Inc., 992 F.3d 44, 51 (1st Cir. 2021).

Key to establishing diversity jurisdiction are the citizenships of the parties before the court. Natural persons are citizens of the state in which they are domiciled. See Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016). But for legal entities, the Supreme Court has explained that the relevant citizenship for diversity purposes is generally the citizenship of the entity's members. There is a "limited exception for corporations"; a corporation is "considered a citizen of the State where it has its principal place of business," as well as a

- 10 -

citizen of its state of incorporation. Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016); 28 U.S.C. § 1332(c). "But Congress never expanded this grant of citizenship to include artificial entities other than corporations, such as joint-stock companies or limited partnerships." Americold, 577 U.S. at 381. So, with exceptions not relevant here,[7] non-corporate legal entities take the citizenship of all of their members. Id. It is therefore the members' citizenships that are relevant for jurisdictional purposes, not the principal place of business or the state of organization of the entity. See Carden v. Arkoma Assocs., 494 U.S. 185, 196-97 (1990) (noting Congress's designation of principal place of business and state of incorporation as relevant for corporations, but that "[n]o provision was made for the treatment of artificial entities other than corporations").

It is clear in this circuit that an LLC is subject to this rule and takes the citizenship of all of its members. Pramco,

_____

[7] Under the Class Action Fairness Act ("CAFA"), in certain class actions, an unincorporated entity does not take the citizenship of all of its members but instead is considered "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). The Court has also held that a specific type of Puerto Rico entity does not take the citizenship of its members. See Carden v. Arkoma Assocs., 494 U.S. 185, 189-90 (1990) (explaining that a "sociedad en comandita" is treated as a citizen of Puerto Rico for jurisdictional purposes, but noting that the exception is limited to that specific type of entity).

- 11 -

453 F.3d at 54-55. If the members are themselves unincorporated associations, then those members' citizenships are relevant too; the process is "iterative," and a party must "trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be." D.B. Zwirn, 661 F.3d at 126-27; see also West v. Louisville Gas & Elec. Co., 951 F.3d 827, 830 (7th Cir. 2020) (noting that jurisdictional statement ultimately revealed 17 layers of ownership of LLC defendant, which court examined to ensure that "every branch of the chain led to a corporation that is neither incorporated in Indiana nor has a principal place of business there"). Parties cannot establish federal subject matter jurisdiction merely by agreeing that the basis for jurisdiction is satisfied. See Wis. Dep't of Corr. v. Schact, 524 U.S. 381, 389 (1998) ("The presence of [a] nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction."); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139 (1st Cir. 2004) ("[P]arties cannot confer subject matter jurisdiction on a federal court 'by indolence, oversight, acquiescence, or consent.'" (quoting United States v. Horn, 29 F.3d 754, 768 (1st Cir. 1994))).

**B.**

BRT has established that it is a citizen of Massachusetts, because its sole member is a natural person who is

a resident of Massachusetts.[8]  No further question remains about its citizenship.  Defendants, however, are a different story.[9]

Malden and Plain's initial filings were inadequate because, as we stated in our order requesting jurisdictional facts, they did not show the members of all the members of defendant LLCs; that is, they failed to undertake the "iterative" process that is required to determine the citizenship of an unincorporated association whose members are themselves unincorporated associations.  Their latest filing is still inadequate for the same reason.  Although defendants have traced back several of their members' members to individuals and corporations, their affidavit and exhibits reveal that some of the ultimate owners of the nested LLCs that own the defendant LLCs are trusts.  For each trust,

---

[8]  Although diversity jurisdiction of a natural person is determined by domicile, there is no allegation in this case that Brian Wallace's domicile differed from his residence when the action was filed (or at any time since).  See León v. Municipality of San Juan, 320 F.3d 69, 70-71 (1st Cir. 2003) (holding that using term "resident" in complaint rather than "citizen" or "domiciliary" does not preclude exercise of diversity jurisdiction); see also 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2023) ("It is assumed, for example, that a person's current residence is also his domicile . . . .").

[9]  As we noted above, the burden of persuasion is on any party or parties seeking to invoke federal court jurisdiction.  Here, the defendants have asked us to affirm the judgment of the district court.  The defendants therefore are properly treated as among those parties seeking to invoke the jurisdiction of the federal court.  We need not decide whether BRT at this point is also seeking to invoke the jurisdiction of the federal court.

defendants provided the citizenship of only the trustee without describing the nature of the trust. This is insufficient to determine the trusts' citizenships.

As the Supreme Court has explained, sometimes a trust is treated like an unincorporated association, taking as its citizenship the citizenship of its members. Americold Realty Tr., 577 U.S. at 382. In Americold, the Court attributed "confusion" regarding trust citizenship to "tradition," because "[t]raditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people," so "proceedings involving a trust were brought by or against the trustees in their own name[s]," and accordingly the trustees' citizenships were the ones that mattered. Id. at 383. But because states "have applied the 'trust' label to a variety of unincorporated entities" that can sue or be sued, those entities "possess[] the citizenship of all [their] members." Id. Many circuit courts have interpreted this language to mean that a "traditional" trust -- one that "exists as a fiduciary relationship and not as a distinct legal entity" -- takes the citizenship of its trustee, while a trust which does exist as a separate legal entity takes the citizenship of all its members. See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 39 (3d Cir. 2018); see also Wang ex rel. Wong v. New Mighty U.S. Tr., 843 F.3d 487, 494 (D.C. Cir. 2016); Raymond Loubier Irrevocable Tr. v. Loubier,

- 14 -

858 F.3d 719, 729-32 (2d Cir. 2017).  To determine whether a trust is traditional, courts have looked to whether it can sue and be sued, and the extent to which it is otherwise treated as a juridical person under state law.  See Americold, 577 U.S. at 382; GBForefront, 888 F.3d at 40-41; Wang ex rel. Wong, 843 F.3d at 494-95; Loubier, 858 F.3d at 729-31; Alliant Tax Credit 31, Inc. v. Murphy, 924 F.3d 1134, 1143 (11th Cir. 2019).  Defendants have not provided this information, thus precluding us from even trying to determine how to treat their trusts.

Nor have defendants provided information about the trusts' beneficiaries or members (however defined) that might moot any need to determine whether it is necessary to look beyond the citizenship of the trust or its trustees.  See, e.g., Zoroastrian Ctr. & Darb-e-Mehr of Metro. Wash., D.C. v. Rustam Guiv Found. of N.Y., 822 F.3d 739, 749-50 (4th Cir. 2016) (avoiding the need to determine whether the trustees or beneficiaries need be considered by showing that all of the trustees and beneficiaries were citizens of states other than those of which the opposing parties were citizens).

BRT argues that defendants' submission has further defects as well.  For some entities in defendants' ownership structures, defendants do not assert what type of organization (e.g., corporation, limited partnership, LLC) the entity is.  As we have explained, how an entity is classified is relevant to how

its citizenship is determined for purposes of diversity jurisdiction. BRT also takes issue with the lack of supporting documentation to confirm the facts stated in defendants' affidavit (such as articles of organization or declaration of trusts), as well as the failure to provide any information about Banner Drive Storage LLC -- initially a defendant, but dismissed because it would destroy diversity -- in the affidavit. We express no opinion about these additional arguments, or any other other than to emphasize that after several rounds of jurisdictional filings, including an incorrect affidavit, there may well be cause to ask for at least some supporting documentation that would otherwise not normally be required.

In sum, we conclude that the record is insufficient to establish complete diversity between plaintiff and defendants because it does not conclusively establish defendants' citizenships. The parties have now failed multiple times to establish diversity. Defendants' deficient second affidavit on appeal is particularly noteworthy because despite prevailing below, to the tune of millions of dollars, they have still failed to submit facts that show their citizenships even after being ordered to do so by this court. Arguably, dismissal would be appropriate. See Guar. Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996) (dismissing case where "litigants . . . had chance after chance to establish diversity of citizenship" but

failed to do so (quoting America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992))).

However, given the extent of the time and effort devoted to this case to date, we think it best to vacate the judgment and remand the case (while retaining jurisdiction) to give the parties one more chance to establish that the district court has subject matter jurisdiction. See Bearbones, Inc. v. Peerless Indem. Ins. Co., 936 F.3d 12, 16 (1st Cir. 2019) (remanding "to the district court to find the facts and determine whether there was complete diversity between the parties at the time the action was commenced" while retaining jurisdiction); Francis v. Goodman, 81 F.3d 5, 8-9 (1st Cir. 1996) (same). Suffice it to say, defendants should not expect to recover fees or costs for this appeal to date or for the proceedings on remand.

## C.

We add a coda to recognize that where a plaintiff wishes to sue an unincorporated entity, the information necessary to establish jurisdiction may be uniquely in the possession of the would-be defendant. See Carolina Cas. Ins. Co., 741 F.3d at 1087 ("The novel issue presented by this case is how a plaintiff may allege diversity jurisdiction where the facts supporting jurisdiction are not reasonably ascertainable by the plaintiff."). The proceedings below, at least initially, illustrate this predicament. After the district court's second order to show

cause, BRT asserted that it was unable, through public record searches, to discover anything about the defendant LLCs other than their states of organization.

We think sensible the approach adopted by the district court here, which allowed limited jurisdictional discovery after noting that "plaintiff ha[d] consulted all available public information and alleged, in good faith, that there is complete diversity of citizenship." If done right, limited and succinct jurisdictional discovery to confirm diversity that is otherwise not belied by what is known to the parties can assure the parties and the court at an early stage of litigation that complete diversity exists.

## III.

For the foregoing reasons, we vacate the judgment and remand this case to the district court to determine whether it has subject matter jurisdiction. If it does, it should re-enter the judgment; if not, it should dismiss the case for lack of jurisdiction. The parties shall bear their own costs.