35 F.3d 557
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alvin SNYDER, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, as receiver for Yorkridge
Calvert Savings & Loan Association, Defendant-Appellee.
 No. 93-2016.
 United States Court of Appeals, Fourth Circuit.
 Argued April 11, 1994.
Decided September 12, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. William M. Nickerson, District Judge. (CA-91-2211).
 Michael Lewis Freilich, Towson, MD, for appellant.
 Susan Kantor Bank, Federal Deposit Insurance Corporation, Washington, D.C., for appellee.
 Ann S. DuRoss, Assistant General Counsel, Robert D. McGillicuddy, Senior Counsel, Christopher J. Bellotto, Federal Deposit Insurance Corporation, Washington, DC; Mitchell E.F. Plave, Resolution Trust Corporation, DC, for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and RESTANI, Judge, United States Court of International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Alvin Snyder held a hypothecation account at Yorkridge-Calvert Savings & Loan Association, with a balance of $187,500. When that S & L became insolvent and the Resolution Trust Corporation ("RTC") was appointed its receiver, RTC treated Snyder's account as a general account insured for $100,000. RTC treated the remaining $87,500 as a general creditor's claim to the receivership estate. Snyder instituted an action against RTC in the District Court for the District of Maryland, following RTC's administrative denial of his claims, arguing that his account was a special account and therefore subject to a preference over general creditors. The district court granted summary judgment in favor of RTC. Snyder appeals the decision of the district court. For the reasons stated below, we affirm.
 
 I.
 
 2
 Alvin Snyder, as general partner for Hooks and Reisterstown Road Limited Partnership, agreed to sell property in Baltimore, Maryland to Hooks Lane Associates ("Buyer"). As additional collateral for a purchase money loan from Yorkridge-Calvert Savings & Loan Association ("Lender") to Buyer (the "Loan"), Snyder agreed to deposit $187,500 in an interest-bearing hypothecation account with Lender.
 
 
 3
 Snyder and Lender entered into a Hypothecation Agreement according to which Lender paid Snyder 7.5% on the hypothecated funds. According to the Hypothecation Agreement, Snyder could not withdraw the principal of the account until Buyer repaid half of the Loan, but Snyder could withdraw the interest on the account monthly. The Loan documents were signed August 30, 1983 and included a choice of law clause indicating that the transaction was to be governed by Maryland law.
 
 
 4
 Pursuant to the Hypothecation Agreement, Snyder deposited $187,500 in an account at Lender. The passbook evidencing the account was marked "HYPO" to indicate that the funds were hypothecated and withdrawal was restricted.
 
 
 5
 On September 28, 1990, the Office of Thrift Supervision closed Lender and appointed RTC as Receiver. RTC notified Snyder that it had determined that the funds in the hypothecation account constituted a general deposit. The funds were therefore only insured up to $100,000. RTC sold the Loan and insured funds in the hypothecation account in question, along with other assets and liabilities of Lender, to Household Bank, FSB ("Household").
 
 
 6
 The Loan continued to perform and Snyder continued to make monthly withdrawals of interest from the hypothecation account, now at Household. The Loan was fully satisfied on January 26, 1993, at which time Snyder requested the release of the funds in the account, claiming the amount due to be $187,500. Household released $100,000 to him, representing the insured hypothecated funds that were transferred to Household by RTC. The remaining $87,500 was treated as a claim of a general creditor to Lender's receivership estate. RTC has since paid Snyder his pro rata share of the distributions totaling $46,101.76.
 
 II.
 
 7
 A grant of summary judgment is reviewed de novo. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.1991), cert. denied, 117 L.Ed.2d 417 (1992). When considering a summary judgment motion in a contract interpretation case, if the language of the contract is unambiguous on a dispositive point, the motion may be granted. If the language is ambiguous, the court should look to extrinsic evidence and if that evidence is dispositive, the motion may be granted. World-Wide Rights Ltd. Partnership v. Combe, Inc., 955 F.2d 242, 245 (4th Cir.1992).
 
 
 8
 Deposit accounts are considered to be either general or special. United States v. BCCI Holdings (Luxembourg), S.A., 814 F.Supp. 106, 109 (D.D.C.1993). In a general deposit account, title to the funds passes to the bank in exchange for a promise to refund that amount to the depositor. Id. The funds are commingled and become part of the general bank assets. Rossman v. Blunt, 104 F.2d 877, 879 (6th Cir.1939). The bank may use the funds for its own profit, paying interest to the depositor for the use of the money. A debtor-creditor relationship is created. Klein v. Bryer, 177 A.2d 412, 414 (Md.1962). All deposits are presumed to be general and the depositor has the burden of overcoming that presumption. Peoples Westchester Sav. Bank v. FDIC, 961 F.2d 327, 330 (2d Cir.1992). At a bank's insolvency, a general deposit receives no preference. Swan v. Children's Home Soc., 67 F.2d 84, 87 (4th Cir.), cert. denied, 290 U.S. 704 (1933).
 
 
 9
 In a special deposit account, the depositor retains title to the funds and the bank acts as a bailee. Marine Bank v. Fulton Bank, 69 U.S. (2Wall) 252, 256 (1865). The bank must segregate the funds and only use them for a specially designated purpose. BCCI, 814 F.Supp. at 109. The bank must preserve the identity of the funds and invest them separately from its other assets. Swan, 67 F.2d at 86. The test to determine whether a deposit is special or general is the intent of the parties. BCCI, 814 F.Supp. at 109. Absent clear evidence of intent to create a special deposit or an explicit agreement to segregate funds, an account is considered a general deposit. People's Westchester, 961 F.2d at 331. These cases indicate that what is "special" about a special deposit is some restriction on the bank's use of the money.
 
 
 10
 The language of the Hypothecation Agreement contains no restrictions on Lender's use of the funds. Lender may use the funds for its own profit. The Agreement requires Lender to pay Snyder 7.5% interest for the use of the funds. The payment of interest is "very strong evidence" that the deposit is general. Swan, 67 F.2d at 87.
 
 
 11
 The only restrictions provided in the Agreement were on the depositor's use of the money. Snyder was not free to withdraw the principal until a triggering event occurred. This restriction, however, has "no effect other than to give [the funds] the status of time deposits." Santee Timber Corp. v. Elliott, 70 F.2d 179, 183 (4th Cir.1934). The fact that "HYPO" was imprinted on the passbook merely restricted Snyder's ability to withdraw the funds; it had no effect on Lender's use of the money.
 
 
 12
 The Chairman of the Board of Lender, Marvin Rosenthal, testified at deposition that the hypothecated funds were commingled with Lender's other assets. The account was segregated on Lender's computers to indicate that it was a hypothecated account, but the funds were neither physically segregated nor invested separately. We believe that the computer organization of accounts does not constitute segregation here; indeed, every depositor's account has a separate computer file.
 
 
 13
 Nothing in the Hypothecation Agreement or in the parties' dealings indicates that a special deposit was intended. The district court correctly determined that the funds in the hypothecation account constituted a general deposit. Its grant of summary judgment in favor of RTC is affirmed.
 
 
 14
 AFFIRMED.