# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2025

Lyle W. Cayce
Clerk

_____

No. 24-30222

_____

STEPHEN D. COOK, *Doctor*; *In his capacity as Co-Trustee of Marshall Heritage Foundation*,

*Plaintiff—Appellee*,

*versus*

PRESTON L. MARSHALL, *In his capacity as Co-Trustee of Peroxisome Trust*,

*Defendant—Appellant*,

_____

STEPHEN D. COOK, *Doctor*; *In his capacities as Co-Trustee of The Marshall Heritage Foundation and Marshall Legacy Foundation*,

*Plaintiff—Appellee*,

*versus*

PRESTON L. MARSHALL, *both In his official capacity as Co-Trustee of Peroxisome Trust and in his personal capacity*,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:17-CV-5368, 2:21-CV-2139

———————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

STUART KYLE DUNCAN, *Circuit Judge*:

Stephen Cook, trustee of two charitable trusts, sued Preston Marshall personally and in his capacity as trustee of a related trust, alleging that Preston's lapses damaged the charitable trusts by causing them to incur debt and tax penalties. The district court denied Preston's motion to dismiss and later granted Cook partial summary judgment. Preston asks us to dismiss the suit, among other reasons, because Cook's unnamed co-trustees lack diversity of citizenship. We reject that argument and affirm.

## I.

We again address litigation over the patrimony of "the late oil tycoon J. Howard Marshall." *Cook v. Marshall*, 842 F. App'x 858, 860 (5th Cir. 2020) (unpublished) ("*Cook I*"). By way of background:

> Elaine Marshall, the widow of one of J. Howard Marshall's sons, had two children: Pierce and Preston Marshall. Stephen Cook was a longtime acquaintance of the Marshall family and served as trustee on several Marshall family foundations. For decades, the Marshall family distributed large sums of money to charity through the Marshall Heritage Foundation and its predecessors. The trustees of the Marshall Heritage Foundation included Elaine, Pierce, Preston, and Cook. In 2011, Elaine created the Peroxisome Trust (Peroxisome) as a vehicle to donate $100 million to the Marshall Heritage Foundation. Peroxisome's trust instrument made Pierce and Preston its co-trustees[.]

*Ibid.*

In 2014, the Marshall Heritage Foundation was split into two trusts: the Marshall Legacy Foundation (MLF) and The Marshall Heritage Foundation (TMHF). *Ibid.* In 2017, Cook (as trustee of TMHF) sued Preston, claiming Preston failed as Peroxisome co-trustee to authorize

2

annuity payments to TMHF. *Ibid.* "The district court ruled in Cook's favor, ordered Preston to authorize payments from Peroxisome to TMHF, and held Preston breached his fiduciary duties." *Ibid.* We affirmed that judgment in *Cook I* on December 31, 2020. *Id.* at 859.

In February 2021, Cook moved to enforce *Cook I*, contending Preston persisted in refusing to authorize payments and failed to file tax returns and otherwise mitigate damage to Peroxisome's beneficiaries. Cook also asked the district court to remove Preston as Peroxisome co-trustee.

The district court held Preston in contempt and ordered him to authorize his co-trustee Pierce to resolve Peroxisome's IRS liability and to make required payments to beneficiaries. The court declined to remove Preston as co-trustee, however. In April 2021, Preston filed a notice stating he had given Pierce these authorizations. In June 2021, Cook asked the court to authorize Pierce to resolve Peroxisome's Louisiana tax liability without Preston's input, which the court granted.

On November 18, 2021, Cook (as co-trustee of TMHF and MLF) filed the present suit against Preston in both his personal capacity and as Peroxisome co-trustee. Cook alleged Preston's prior fiduciary breaches and post-*Cook I* lapses inflicted tax debt and penalties on Peroxisome, which in turn deprived TMHF and MLF of funds due them as Peroxisome beneficiaries. Cook sought damages and interest against Preston personally and again sought Preston's removal as co-trustee.

Preston moved to dismiss, arguing that Cook's claims were barred by *res judicata* and also that Cook failed to join Elaine and Pierce as necessary and indispensable parties whose presence would have destroyed diversity jurisdiction. The court denied Preston's motion. The court later granted Cook's motion for partial summary judgment, rejecting Preston's arguments

that Elaine and Pierce were comparatively at fault and that Cook had failed to mitigate damages. Preston timely appealed.

## II.

We review *de novo* the order denying Preston's motion to dismiss based on *res judicata. Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). We review for abuse of discretion the order denying Preston's motion to dismiss based on failure to join parties. *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 559 (5th Cir. 2023). We review *de novo* the partial summary judgment, applying the same standard as the district court. *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 697 (5th Cir. 2024); Fed. R. Civ. P. 56(a).

## III.

Preston presents four arguments on appeal: (A) the parties lack diversity; (B) the district court erred in proceeding without Elaine and Pierce; (C) *res judicata* bars the suit; and (D) even assuming the suit may proceed, the district court erred by failing to account for comparative-fault and failure-to-mitigate evidence. We address each issue in turn.

## A.

After years of litigation, for the first time Preston claims the parties lack complete diversity of citizenship. He argues that "a trustee party has the citizenship of all trustees for purposes of diversity jurisdiction," and that Cook's unnamed co-trustees, Elaine and Pierce, are Texas citizens like Preston. So, Preston argues we must dismiss for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1); *Strawbridge v. Curtiss*, 3 Cranch 267 (1806). His argument fails.

To begin with, the trusts themselves, TMHF and MLF, are not parties. Nor could they be. As traditional trusts, they cannot sue or be sued

and, in fact, are not legal entities at all but "relationships" with no citizenship of their own. *See* La. R.S. § 9:1731 ("A trust . . . is the relationship resulting from the transfer of title to property to a person to be administered by him as a fiduciary for the benefit of another."); *Succession of Brandt*, 2021-01521 (La. 09/09/22), 346 So.3d 765, 773 (same); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people." (quoting *Klein v. Bryer*, 227 Md. 473, 476–477, 177 A.2d 412, 413 (1962); Restatement (Second) of Trusts § 2 (1957))).

This means Cook and Preston are the only parties whose citizenship matters. Cook is a Louisianan, and Preston is a Texan. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) ("For natural persons, § 1332 citizenship is determined by domicile . . . ."); *Sivalls v. United States*, 205 F.2d 444, 446 (5th Cir. 1953) ("Every person has one, and only one, domicile."). So, complete diversity exists.

No authority says we must also consider the citizenship of non-party trustees. To the contrary, consider how the Seventh Circuit approached this issue in *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643 (7th Cir. 2018). The court held a non-party co-trustee's citizenship was irrelevant to diversity jurisdiction because "traditional trusts . . . were not considered distinct legal entities at common law, and hence cannot sue or be sued in their own name." *Id.* at 647. Accordingly, the court "look[ed] only to [the trustee party]'s citizenship, not the citizenship of his co-trustees." *Ibid.*

Preston claims *Doermer* "fundamentally conflicts with" *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), which he argues requires assigning the

No. 24-30222

unnamed co-trustees' citizenship to Cook.[1] Not so. *Navarro* held only that the citizenship of the trustee parties mattered for diversity purposes, noting that "[f]or more than 150 years, the law has permitted trustees . . . to sue *in their own right*[.]" 446 U.S. at 465–66 (emphasis added). *Navarro* said nothing about non-party trustees.

If there were any doubt, the Supreme Court later "reminded litigants" that "*Navarro* reaffirmed a . . . rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs—as is true of any natural person." *Americold*, 577 U.S. at 382–83. So, *Doermer* follows Supreme Court precedent faithfully by holding that "when a trustee of a traditional trust 'files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes.'" 884 F.3d at 647 (quoting *Americold*, 577 U.S. at 383)).

Accordingly, we reject Preston's argument that the parties lack complete diversity of citizenship.

## B.

Preston's second argument plays a variation on the first: he claims that, under *Navarro* and *Thomas v. Board of Trustees*, 195 U.S. 207 (1904), whenever a trustee brings an action on behalf of a traditional trust, all co-trustees are indispensable parties. But those cases say nothing about the indispensability of unnamed co-trustees.

---

[1] Preston cites a bevy of other cases supposedly supporting this view. *See Thomas v. Bd. of Trustees of Ohio State Univ.*, 195 U.S. 207 (1904), *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058 (5th Cir. 1980), *GBForefront L.P. v. Forefront Mgmt. Grp. LLC*, 888 F.3d 29 (3d Cir. 2018), *Momenian v. Davidson*, 878 F.3d 381 (D.C. Cir. 2017), and *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719 (2d Cir. 2017). He is mistaken. None of those cases even concerns an unnamed co-trustee.

No. 24-30222

This argument essentially repackages Preston's contention that the district court erred by refusing to join Elaine and Pierce under Federal Rule of Civil Procedure 19(a). *See PHH Mortg. Corp.*, 80 F.4th at 560 ("[A] court must determine whether a party is 'required' under Rule 19(a)[.]"). The court denied that motion, holding that it could afford complete relief without Elaine and Pierce; that their interests would not be impaired; and that nonjoinder did not leave Preston subject to a substantial risk of inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1). To succeed on appeal, Preston must show that ruling was an abuse of discretion. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 520 (5th Cir. 2010). He fails to do so.

To begin with, Preston cites no authority requiring a court to join all co-trustees as a matter of law. This is unsurprising because Rule 19 requires a "highly-practical, fact-based" inquiry. *Hood ex rel. Miss. v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009). That flexibility suggests the opposite rule from the one Preston advances: whether a court may proceed without all co-trustees depends on the circumstances. *See* Wright & Miller, 7 Federal Practice and Procedure § 1618 (3d ed.) ("Under some circumstances a trustee may not even be considered a party who must be joined in litigation involving the trust.").[2]

In any event, Preston shows no abuse of discretion. He contends only that the court "erred" because "[e]vidence from Pierce and Elaine regarding their contribution to damages . . . would support Preston's comparative fault arguments." But the court could consider this comparative fault evidence regardless of whether Pierce and Elaine were made parties. *See Milbert v.*

---

[2] *See also, e.g.*, *Henry v. Rizzolo*, No. 2:08-CV-00635-PMP-GWF, 2011 WL 2975539, at *4 (D. Nev. July 21, 2011) (denying defendant's motion to dismiss for failure to join trustees when "the existing parties are willing to and capable of making the trustees' arguments").

7

*Answering Bureau, Inc.*, 2013-0022 (La. 06/28/13), 120 So.3d 678, 688 (noting that "[u]nder Louisiana's pure comparative fault system," courts consider "the fault of every person responsible for a plaintiff's injuries . . . whether or not they are parties" (quoting *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 2002-0563, (La. 10/15/02), 828 So.2d 530, 537)).

In sum, Preston fails to show the district court abused its discretion by declining to join Elaine and Pierce.[3]

## C.

Next, Preston argues *res judicata* bars the suit. We again disagree.

Under Louisiana law, "[t]he doctrine of *res judicata* is *stricti juris*; any doubt must be resolved against its application." *Guidry v. State Farm Mut. Auto. Ins. Co.*, 2021-00808 (La. 11/10/21), 326 So.3d 1224, 1224; *Dotson v. Atlantic Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022). To succeed, Preston must demonstrate that "(1) the [original] judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Forum for Equal. PAC v. McKeithen*, 04-2551 (La. 01/19/05), 893 So.2d 738, 745 (citing La. R.S. § 13:4231).

Preston argues that Cook's claim for Preston's removal as co-trustee is barred by *Cook I*. That is incorrect. As the district court pointed out, the removal claim arises largely from Preston's failure to comply with *Cook I* and

---

[3] Preston's other joinder arguments concern Rule 19(b), which the district court did not reach.

his post-judgment refusals to resolve Peroxisome's tax liability. That conduct necessarily did not exist at the time of *Cook I*, so *res judicata* could not bar the claim. *See Ins. Assocs. v. Francis Camel Constr.*, 95-1955 (La. App. 1 Cir 05/10/96), 673 So. 2d 687, 689 ("When new facts intervene before the second suit, furnishing a new basis for the claims of the parties, . . . . the identity of issues requisite for the application of res judicata is absent.").

Nor are Cook's damages claims barred, because here he seeks damages against Preston in a different capacity than in *Cook I*. "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Burguieres v. Pollingue*, 2002-1385 (La. 02/25/03), 843 So.2d 1049, 1054 (quoting Restatement (Second) of Judgments § 36(2) (1982)). In *Cook I*, Cook sought a judgment against Preston only in his capacity as a co-trustee of Peroxisome. Here, Cook seeks damages against Preston personally. Therefore, the parties are not identical.[4] *See Thomas v. Marsala Bev. Co.*, 52,898-WCA (La. App. 2 Cir. 11/20/19), 284 So. 3d 1212, 1219 ("Res judicata does not bar a subsequent claim between the same parties if the parties appear in a different capacity.").[5]

In sum, we agree with the district court that *res judicata* does not bar Cook's suit.

————————————————

[4] Because the damages claims here are against Preston in his personal capacity, we need not address Preston's argument that Cook as co-trustee of TMHF is identical to Cook co-trustee of MLF.

[5] This "identity of capacities" principle under Louisiana's *res judicata* law also disposes of Preston's argument that, in his personal capacity, he is somehow in "privity with himself" as Peroxisome co-trustee.

No. 24-30222

## D.

Finally, Preston argues the district court erred in granting partial summary judgment because it failed to consider evidence of Pierce's and Elaine's supposed "failures" to split Peroxisome in 2014 (and also evidence of Cook's "failure" to sue Preston sooner). *See Cook I*, 842 F. App'x at 860 (explaining "Pierce blocked Peroxisome from . . . splitting"). Preston contends this was evidence of comparative fault and failure to mitigate that should have obviated summary judgment. We disagree.

In effect, Preston contends Pierce and Elaine were at fault for failing to foresee that Preston would shirk his fiduciary duties years down the road. Similarly, Preston contends Cook should have sued Preston earlier to mitigate damages from Preston's own misconduct. We agree with the district court that these arguments are "unconvincing" and "meritless."

## IV.

The district court's judgment is AFFIRMED.