# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2025

Lyle W. Cayce
Clerk

———————

No. 24-40283

———————

Nicholas Fugedi, *In his capacity as Trustee* Carb Pura Vida Trust,

*Plaintiff—Appellant*,

*versus*

Initram, Incorporated; RJL Realty, L.L.C.; Eternal Investments, L.L.C.; Bruce Robinson; Dale Pilgeram, *agent of* Pilgeram Family Trust, *Et al.*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-249

———————————————————————

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Stuart Kyle Duncan, *Circuit Judge*:

We again consider this "contentious" and "convoluted" dispute over real property located at 829 Yale Street in Houston, Texas. *See Fugedi as Tr. Carb Pura Vida Tr. v. Initram, Inc.*, No. 21-40365, 2022 WL 3716198, at *1 (5th Cir. Aug. 29, 2022) (per curiam). The main issue this time around is whether a trust can be used as a device to improperly manufacture diversity jurisdiction in violation of 28 U.S.C. § 1359. Because the district court

No. 24-40283

correctly answered in the affirmative, and did not clearly err in finding that the trustee here was appointed to concoct diversity jurisdiction, we affirm.

## I

In 2019, Nicholas Fugedi, as trustee for the Carb Pura Vida Trust, sued to quiet title to the property. The district court ruled against Fugedi and for defendants, concluding the deed was void under Texas law. *Fugedi*, 2022 WL 3716198, at *1–2. Disagreeing, a panel of our court reversed. *Id*. at *3–4. But the panel noted that, on remand, the district court could consider "new evidence purporting to establish the trust as a sham concocted by Texas individuals," which, if true, would "destroy[] diversity jurisdiction." *Id*. at *5.

The district court took up our invitation. After further proceedings, the court found Fugedi had been appointed as a sham trustee in order to manufacture diversity jurisdiction in contravention of 28 U.S.C. § 1359. *See Fugedi v. United Rentals (N. Am.) Inc.*, No. 3:19-CV-00249, 2024 WL 1658249, at *10 (S.D. Tex. Apr. 17, 2024). The court accordingly dismissed for lack of subject matter jurisdiction. *Ibid*. Fugedi appealed.

## II

We review a dismissal for lack of subject matter jurisdiction *de novo*. *See In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (citation omitted). To the extent the ruling depends on the district court's resolution of disputed jurisdictional facts, we review those findings for clear error. *See Robinson v. TCI/US W. Commc'ns, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

## III

### A

On appeal, Fugedi argues the district court erred because 28 U.S.C. § 1359 does not apply to a trust. We disagree.

No. 24-40283

Section 1359 provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

"The purpose of [§ 1359 is] to prevent agreements whose primary aim [is] to vest the court with a jurisdiction it had not formerly enjoyed." *O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1034 (2d Cir. 1969); *see also Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 828–29 (1969) ("If federal jurisdiction could be created by assignments of [a collusive] kind . . . , then a vast quantity of ordinary contract and tort litigation could be channeled into the federal courts at the will of one of the parties. Such 'manufacture of Federal jurisdiction' was the very thing which Congress intended to prevent when it enacted § 1359 and its predecessors." (cleaned up)); 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3637 (3d ed. 2025) (discussing § 1359).

To begin with, the language of § 1359 does not support Fugedi's argument. It forbids manufacturing diversity jurisdiction "by assignment or otherwise." Nothing in those words excludes the use of a trust. Fugedi counters that a trust does not involve an "assignment." But, even assuming that's true, it doesn't matter. The provision says "assignment *or otherwise*."[1]

Nor does the nature of a trust suggest it couldn't serve as a vehicle for collusively creating diversity jurisdiction. When a trustee sues, only his citizenship matters for diversity purposes. *See Cook v. Marshall*, 126 F.4th 1031, 1036–37 (5th Cir. 2025) (citing *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018)), *petition for cert. filed*, No. 25-4 (U.S. July 1,

---

[1] Fugedi also argues § 1359 can't apply to a "natural person," *i.e.*, Fugedi himself. He cites no authority for that proposition.

2025). So, if someone wanted to concoct diversity in a property dispute, one way would be to create a trust to manage the property and choose a trustee with citizenship different from everyone on the other side of the *v.*[2] That's the kind of skullduggery § 1359 is designed to prevent.

Finally, Fugedi claims no case has ever applied § 1359 to a trust. Not so. As the district court pointed out: "The Supreme Court has expressly contemplated that an 'allegation of sham or collusion' warrants looking beyond the trustee's citizenship." *Fugedi*, 2024 WL 1658249, at *6 (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)). Two circuit courts have done the same. *See Grede v. Bank of N.Y. Mellon*, 598 F.3d 899, 900–01 (7th Cir. 2010) ("We treat an assignment as collusive when its sole function is to shift litigation from state to federal court. . . . Assignment to a trust could be designed to take advantage of the rule that a trust's citizenship is that of the trustee, rather than the beneficiaries, for the purpose of 28 U.S.C. § 1332(a)."); *McSparran v. Weist*, 402 F.2d 867, 870, 874–75 (3d Cir. 1968) (en banc) (discussing trustees alongside other types of fiduciaries and holding that "[w]hile [§ 1359] does not ban the appointment of nonresident fiduciaries, the artificial selection of a straw representative who has no duty or function except to offer the use of his citizenship to create diversity in contemplated litigation is a violation of its provisions").[3]

---

[2] That is what defendants claim was afoot here. If Fugedi's Michigan citizenship is the only one considered, the parties are completely diverse. Otherwise, diversity is lacking. *See Fugedi*, 2024 WL 1658249, at *2 ("[I]f . . . Fugedi is a 'sham trustee' or 'straw fiduciary' . . . then [the trust beneficiary's] Texas citizenship would destroy diversity jurisdiction.").

[3] *See also* WRIGHT & MILLER, § 3640 (explaining that "[t]he *McSparran* court felt that as in assignment cases, the court should look to the nature of the transfer to determine whether there is a substantial controversy between diverse parties," and that "the test for applying Section 1359 was whether the guardian was a 'straw party,' since 'as a straw party he does not stand in the position of a true fiduciary whose involvement in

No. 24-40283

Accordingly, we reject Fugedi's argument that 28 U.S.C. § 1359 cannot apply to a trust.

B

Fugedi also argues that even if § 1359 applies to a trust, the district court erred in finding the trust was improperly or collusively made to invoke federal jurisdiction. We disagree.

The court made numerous findings supporting its conclusion that Fugedi was improperly appointed as a sham trustee to create diversity jurisdiction that would otherwise have been lacking. For instance, the court found that: Fugedi had met Elberger (the trust's beneficiary) less than two months before being appointed trustee; Fugedi does only what his attorneys tell him to do such that he seemingly does not control the trust; Fugedi has no special experience to qualify him as trustee; a nondiverse individual would normally be expected to represent the interests at stake here; there is no credible non-collusive reason to select an out-of-state trustee; and the suit is wholly local in nature. *Fugedi*, 2024 WL 1658249, at *7–10.

These are fact findings we review for clear error. *See Garner v. Kennedy*, 713 F.3d 237, 242 (5th Cir. 2013); *see also Bass v. Tex. Power & Light Co.*, 432 F.2d 763, 766–67 (5th Cir. 1970) ("The question of whether a device is so lacking in substance as to be improper and collusive under Section 1359 is a question of fact."). On appeal, Fugedi makes no serious attempt to show the district court erred, clearly or otherwise, in making any of these findings.

IV

---

litigation is incidental to his general duty to protect the interests of those for whom he is responsible'" (quoting *McSparran*, 402 F.2d at 873)).

No. 24-40283

The district court's judgment is AFFIRMED.[4]

_____

[4] All pending motions are DENIED.